UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SAFECO INSURANCE COMPANY
OF OREGON

CIVIL ACTION

VERSUS

16-509-SDD-EWD

WAYNE JOSEPH AGNELLY, ET AL

### RULING

This matter is before the Court on the *Motion to Dismiss for Failure to State a Claim or, in the alternative, Motion to Stay*[1] filed by Defendant, Amy Newman ("Newman"). Plaintiff, Safeco Insurance Company of Oregon ("Safeco"), has filed an *Opposition*[2] to the motion. For the reasons which follow, the alternative motion to stay will be granted.

**I.     FACTUAL & PROCEDURAL BACKGROUND**

On November 15, 2013, an automobile accident occurred in Livonia, Louisiana, when a vehicle driven by Newman collided with a vehicle and U-Haul trailer driven by Wayne Agnelly ("Agnelly"). Talon Sonnier ("Sonnier"), a minor, was riding as a passenger in Newman's vehicle at the time of the accident. Safeco, Plaintiff herein, insures Cynthia Boasso ("Boasso") under automobile and umbrella insurance policies providing liability coverage of $2.5 million. Boasso is the sister of Agnelly, and, at the

---

[1] Rec. Doc. No. 35.
[2] Rec. Doc. No. 37.
39826

time of the accident, Agnelly was operating a U-Haul vehicle that he was able to reserve by using Boasso's credit. It is disputed whether the U-Haul was reserved and/or rented under Boasso's name.

Newman filed suit in the 18th Judicial District Court, Parish of Point Coupee, State of Louisiana, on November 14, 2014, against Agnelly and his insurer GEICO.[3] Around the same time, the parents of Newman's passenger Sonnier also filed suit in the 18th Judicial District Court, and these lawsuits have been consolidated. During the course of the state court litigation, Agnelly and GEICO informally requested that Safeco defend and/or indemnify Agnelly in the two underlying state court lawsuits, which Safeco denied. Safeco subsequently filed this declaratory judgment action on August 1, 2016, seeking a declaratory judgment that it does not owe a defense or indemnity to Agnelly in the state court lawsuits. Safeco notes that, at the time it filed this lawsuit, it was not a party to the two state court lawsuits. On August 30, 2016, Newman amended her state court petition to add Boasso and Safeco as defendants. Safeco filed an Answer to the Amended Petition on November 8, 2016.

Newman now moves for dismissal of Safeco's *Complaint* or, in the alternative, moves the Court to stay this action pending resolution of the state court litigation that is based on the same transaction and occurrence and involves the same parties as this action. Safeco opposes a dismissal and/or stay and has moved for summary judgment on the merits.[4]

---

[3] *See* Rec. Doc. No. 35-3. Newman claimed that her air bags in her vehicle failed upon impact; thus, she also named as Defendants Courvelle "Happy Town USA" Inc., since it routinely maintained and serviced her vehicle, and Diamond Motors of Walker, L.L.C., which sold Newman her vehicle.
[4] *See* Rec. Doc. No. 44.

39826

## II. THE DECLARATORY JUDGMENT ACT & ABSTENTION

The Declaratory Judgment Act states: "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."[5] Unlike other kinds of cases, over which the district courts have a "virtually unflagging obligation" to exercise their jurisdiction notwithstanding that there is a pending state court action involving the very same issues,[6] the Declaratory Judgment Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[7] In *Brillhart v. Excess Insurance Company of America*, the Supreme Court recognized district courts' discretion to dismiss a declaratory judgment action when a parallel suit not governed by federal law and presenting the same issues is pending in state court, holding that it would be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues ... between the same parties."[8]

In deciding whether to exercise this discretion, the ultimate issue for the Court to decide is "whether the questions in controversy between the parties to the federal suit ... can better be settled in the proceeding pending in state court."[9] In the Fifth Circuit,

---

[5] 28 U.S.C. § 2201(a).
[6] *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).
[7] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). *See also id.* at 288, 115 S.Ct. 2137 (stating that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration").
[8] 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).
[9] *Id.*, 316 U.S. at 495.
39826

this decision involves three questions: "(1) is it justiciable; (2) does the court have the authority to grant such relief; and (3) should it exercise its discretion to decide the action based on the factors stated in *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir.1994)."[10] Further, the Fifth Circuit instructed in *Travelers Insurance Co. v. Louisiana Farm Bureau Federation, Inc.* that the following factors are relevant to a court's determination of abstention: "(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy."[11]

In *Wilton v. Seven Falls Co.*,[12] the United States Supreme Court explained how district courts should use discretion to abstain from entertaining a declaratory judgment action:

> [I]n deciding whether to enter a stay, a district court should examine the scope of the pending state court proceeding and the nature of defenses open there. This inquiry, in turn, entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding. 515 U.S. at 283, 115 S.Ct. 2137 (internal citations omitted). The Supreme Court reasoned that when another suit "involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court," a court's consideration of the declaratory judgment action may constitute "gratuitous interference." *Id*.

---

[10] *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 Fed.Appx. 316, 319 (5th Cir. 2006) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000)).
[11] 996 F.2d 774, 778 (5th Cir. 1993). These are also known as the *Trejo* factors.
[12] 515 U.S. 277, 284 (1995).
39826

Regarding the first factor set forth above, the Fifth Circuit has held that: "If [a] federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit."[13] As this is the case now that Safeco has been added as a defendant in the state lawsuit, the Court finds that this factor weighs in favor of abstention.

Considering the second and third factors, whether Safeco filed suit in anticipation of a lawsuit filed by the Defendants and whether Safeco engaged in forum shopping in bringing the suit, the Court believes both factors weigh in favor of abstention. While Safeco was not named a defendant in the state court litigation at the time it filed this declaratory judgment action, Safeco clearly anticipated being named as a defendant in the state court litigation since its filing in federal court was prompted by GEICO's "informal" request for defense and indemnity. Given the timing, the Court must assume that Safeco filed for a declaratory judgment in anticipation of becoming a party to the pending state court litigation. It cannot be seriously argued that Safeco did not foresee the likelihood of being joined in the state court proceeding; thus, it appears Safeco has engaged in forum shopping considering it knew that a state court proceeding involving the same facts, parties, and legal issues was available. Safeco may raise an affirmative defense of non-coverage in the pending state court actions, "but the Declaratory Judgment Act is not to be used to litigate a possible state-court affirmative defense in federal court."[14]

---

[13] *Sherwin–Williams Co. v. Holmes County*, 343 F.3d 383, 390-391 (5th Cir. 2003).
[14] *Great American Insurance Company v. The Cumberland Investment Group, LLC*, No. 13-4763, 2013 WL 39826

For these same reasons, the Court finds that the fourth factor weighs in favor of abstention. The Court also finds that factors five through seven weigh in favor of abstention because it is not more or less convenient to try this case in federal court, and retaining this lawsuit in this Court would not serve the purpose of judicial economy as it would likely cause the duplication of judicial effort and potentially lead to inconsistent results.

For the reasons set forth above, the Court finds that the exercise of jurisdiction here would result in a gratuitous interference with the state court proceeding; therefore, applying the *Brillhart/Wilton* standard to this case, the Court will abstain from exercising jurisdiction over this matter.

Nevertheless, rather than dismissal, the Court finds that a stay is the proper course of action in this case. The Court believes a stay is warranted because the state court can comprehensively resolve all of the state law coverage issues in a forum that is just as convenient as this one. Further, the Fifth Circuit has instructed that "[a] federal district court should avoid duplicative or piecemeal litigation where possible."[15] If this action were to proceed here, the coverage issues Safeco wishes the Court to resolve would be simultaneously litigated by state and federal courts, which clearly does not serve judicial economy. However, the Court also recognizes the Supreme Court's admonition that, "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in

---

5755641 at *4 (E.D. La. Oct. 23, 2013)(citing *Int'l Ass'n of Entrepreneurs of Amer. v. Angoff*, 58 F.3d 1266 (8th Cir. 1995)).
[15] *Sherwin–Williams*, 343 F.3d at 391.
39826

controversy."[16]

## III.  CONCLUSION

For the reasons set forth above, the *Motion to Dismiss for Failure to State a Claim or, in the alternative, Motion to Stay*[17] filed by Defendant Amy Newman is GRANTED in the alternative request for relief.  IT IS ORDERED that these proceedings are hereby STAYED and ADMINISTRATIVELY CLOSED pending the resolution of the state court proceeding.  When the state court proceedings are completed, any party may move the Court to reopen this case.  The Court defers ruling on Safeco's *Motion for Summary Judgment*[18] as the Court believes the state court litigation will adequately address the issues presented therein.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on July 28, 2017.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[16] *Wilton*, 515 U.S. at 288 n. 2, 115 S.Ct. 2143 n. 2; *see also Melancon v. Union Carbide Corp.,* 1998 WL 122610, *7 (E.D.La.1998); *Scottsdale*, 1999 WL 777714 at *7.
[17] Rec. Doc. No. 35.
[18] Rec. Doc. No. 44.
39826